# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAQUAN E. PARKS<br><br>    Plaintiff,<br><br>        v.<br>B. GOMEZ,<br><br>    Defendant. | Case No. 1:24-cv-01088-KES-EPG (PC)<br><br>**ORDER REFERRING CASE TO ADR AND STAYING THE CASE FOR 120 DAYS** |

Plaintiff is incarcerated and proceeding without counsel. Defendant has answered the Complaint.

The Court refers all post-screening civil rights cases filed by *pro se* state inmates to ADR (Alternative Dispute Resolution) in an effort to resolve such cases more expeditiously and less expensively. No defenses or objections shall be waived by the parties' participation.

As set forth in the screening order, Plaintiff has stated a potentially cognizable civil rights claim. Thus, the Court stays this action for a period of 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

There is a presumption that all post-screening prisoner civil rights cases will proceed to settlement conference. However, if after investigating Plaintiff's claims and speaking with Plaintiff,[1] and after conferring with defense counsel's supervisor, defense counsel in good faith

---

[1] The parties may confer by letter.

finds that a settlement conference would be a waste of resources, defense counsel may opt out of ADR by filing a notice **within thirty days** of this Order.

Accordingly, **IT IS ORDERED**:

1. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.
2. If Defendant decides to opt out, they must file a notice within thirty days from the date of this Order in a format substantially similar to the enclosed example below.
3. If Defendant does not opt out of ADR, the Court will issue an order setting a settlement conference. That order will include the date of the conference and the Magistrate Judge who will oversee the conference and may also include procedures required by that Judge. [2]
4. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.
5. The parties must keep the Court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* L.R. 182(f).

IT IS SO ORDERED.

Dated:  **May 28, 2025**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned will not be the Magistrate Judge overseeing the settlement conference.

2

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| _____ | Case No. _____ |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF OPT OUT OF ADR** |
| _____, | |
| Defendant. | |

The undersigned counsel states that Defendant has investigated Plaintiff's claims and conferred with Plaintiff. In light of that consultation and defense counsel's evaluation of this case, defense counsel does not believe that a settlement conference would be an efficient use of Court's resources at this time.

Accordingly, Defendant respectfully opts out of Alternative Dispute Resolution (ADR) and ask that the Court lift the stay and the case proceed to litigation.

Respectfully submitted,

Date: _____

[Signature block]