UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAQUAN E. PARKS<br><br>  Plaintiff,<br><br>  v.<br><br>B. GOMEZ<br><br>  Defendant. | Case No. 1:24-cv-01088-KES-EPG (PC)<br><br>**DISCOVERY ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS** |

To secure the just, speedy, and inexpensive disposition of this action,[1] the Court will direct that certain documents that are central to the dispute be promptly produced.[2]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence if they have them in their possession, custody, or control, to the extent these documents exist, are relevant, and the parties have not already done

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

1

so. Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third-party subpoena is required. This order applies to all documents including confidential documents. Moreover, the parties are required to produce these documents, or lodge objections as described below, without awaiting a discovery request.

    a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals, if any.

    b. Documents regarding a Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings, if any.

    c. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any.[3]

    d. Incident reports regarding any use of force incident(s) alleged in the complaint, if any.

    e. Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, if any.

    f. Chronos for transfer or Administrative Segregation placement related to the incident(s) alleged in the complaint, if any.

///

---

[3] *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

    The Court notes that Defendant(s) only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

      g. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s), if any.[4]

      h. Documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, if any.

2. If any party obtains documents and/or other evidence described above later in the case (including, but not limited to, documents and/or other evidence from a third party), that party shall provide all other parties with copies of the documents and/or evidence within thirty days. The failure of a party to comply with this requirement may result, among other things, in the party not being able to rely on the pertinent information later in the case.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.

///

---

[4] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

6. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated:   **November 17, 2025**             /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE